UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMAS CLEMENTE CHAVEZ, | 1:02-cv-05320 OWW DLB (HC) |
| Petitioner, | ORDER SETTING EVIDENTIARY HEARING TO ADDRESS BATSON CLAIM |
| v. | FOLLOWING REMAND FROM THE NINTH CIRCUIT COURT OF APPEALS |
| GAIL LEWIS, | |
| Respondent. | |

    Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by Gary Huss, Esq.

    On April 8, 1999, in the Fresno County Superior Court, a jury found Petitioner guilty of maliciously discharging a firearm at an inhabited dwelling house in violation of California Penal Code section 246. In a bifurcated proceeding, Petitioner admitted that he had two prior convictions and had served two prior prison terms (Cal. Penal Code §§ 1170.12, 667.5(b)). On May 13, 1999, Petitioner was sentenced to a term of 25 years to life pursuant to California's Three Strikes law.

    Petitioner appealed his conviction to the Fifth District Court of Appeal. The judgment was affirmed on April 24, 2001.

    Petitioner filed a petition for review in the California Supreme Court, which was summarily denied on July 11, 2001.

    Petitioner filed the instant federal petition for writ of habeas corpus on March 22, 2002.

Petitioner filed an amended petition on October 7, 2002.  Petitioner alleged that (1) the trial court erred in failing to find a prima facie case of group discrimination against Hispanic jurors; and (2) the definition of reasonable doubt read to the jury violated his due process rights.

Respondent filed an answer on February 10, 2003.  Petitioner did not file a traverse.

On June 4, 2004, the undersigned issued a Findings and Recommendation to deny the petition on the merits.  (Court Doc. 25.)  Petitioner filed objections on June 18, 2004.  (Court Doc. 26.)  On September 29, 2004, Judge Wanger adopted the Findings and Recommendation in full and judgment was entered in favor of Respondent.  (Court Docs. 28, 29.)

Petitioner filed a notice of appeal.  On July 25, 2006, in an unpublished memorandum, the Ninth Circuit Court of Appeals reversed the judgment and remanded the case.  Chavez v. Lewis, 191 Fed.Appx. 562, 563, 2006 WL 2060654 (July 25, 2006).  Relying on Johnson v. California, 545 U.S. 162 (2005), issued after this Court rendered its decision, the Ninth Circuit, held that the state appellate court applied the wrong standard of review with regard to Petitioner's Wheeler/Batson challenge.[1]  Id.  Therefore, the Ninth Circuit concluded the state court's disposition of the claim was not entitled to deference under section 2254(d), and the claim must be reviewed de novo.  Id.  The Court held "[r]eviewing the decision de novo, it is clear that the petitioner established a prima facie case of discrimination.  We cannot proceed past the first step of the *Batson* inquiry, however, because the existing record does not include any explanation of the strikes by the prosecutor."  Id. at 563-564.[2]

---

[1] The California standard, applied by the trial court in this case, required the moving party "to make a showing of a strong likelihood that peremptory challenges are being used to exclude individuals based upon some association which is cognizable."  (RT 708.)

[2] In ruling on the Wheeler motion, the trial court stated in part:

> So purely on the basis alone of the relative numbers of individuals from that group association, the - - nothing about that, in and of itself, satisfies any kind of a prima facie showing, from the Court's point of view, that the exercise of these challenges is being directed at individuals that are either Hispanic or have Hispanic surname.
>
> So for all those reasons, I find that the prima facie showing under Wheeler has not been made.  And I'm not going to demand any explanation from the People.  However, of course, as you had correctly pointed out, Mr. Broughton, whether there's additional challenges to exercise, it may change the Court's view on that, and I will give you an opportunity to make an additional Wheeler motion, should you think it appropriate, if there is some exercise of challenges it seems to you to demonstrate this prima facie showing after this moment.

1    Pursuant to court order, Respondent filed a supplemental brief on August 20, 2008, and
2 Petitioner filed a response on September 3, 2008.  (Court Docs. 43, 45.)
3    Respondent initially contends that the Ninth Circuit incorrectly concluded that the state
4 appellate court's decision was not entitled to deference under section 2254(d) as the proper
5 "question is whether the legal standard used by the state court in denying Chavez's claim of
6 discriminatory peremptory challenges was 'contrary to . . . clearly established Federal law, as
7 determined by the Supreme Court of the United States' (28 U.S.C. § 2254(d)), existing *at the*
8 *time* the state court conviction became final. *Williams v. Taylor*, 529 U.S. 362, 405 (2000)."
9 (Supplemental Brief, at 3-4, emphasis in original.)  However, Respondent recognizes that this
10 Court is presently bound by the Ninth Circuit's holding and requests the Court conduct an
11 evidentiary hearing to allow the prosecutor to explain his reasons for striking the prospective
12 jurors at issue.  (Id. at 9-10.)
13    Petitioner argues that the prosecutor had the opportunity at trial to make the record in
14 defense of the alleged discriminatory conduct and to allow "the prosecutor to now present self
15 serving evidence in defense of his actions would not be appropriate or credible." (Reply, at 1.)
16 Petitioner reasons that by "[a]llowing the prosecutor now some nine years later to speculate on
17 what his reasons were or to even claim what his reasons were back then deprives the Petitioner of
18 due process because he does not have any meaningful way to rebut or disprove what the
19 Prosecutor may now say was 'on his mind,' or what his motives were 9 years ago."  (Id. at 2.)
20    Because the prosecutor did not have an opportunity explain the reasons for his exclusion
21 of the particular jurors, the Court finds an evidentiary hearing is necessary.[3]  See Williams v.
22 Runnels, 432 F.3d at 1110 (remanded for evidentiary hearing "even though the state represented
23 to the district court that the prosecutor no longer remembers why he utilized his peremptory
24 challenges and could not locate the jury selection notes"); Miller-El v. Dretke, 545 U.S. 231, 236
25 (2005) (state appellate court had "remanded matter to the trial court to determine whether Miller-

---

27 (RT 710-711.)

28    [3] Certainly, the prosecutor can not be charged with failing to disclose the race neutral reasons for dismissal of jurors prior to, or after the trial court's finding that Petitioner failed to make out a prima facie showing of discrimination under step one.

El could show that the prosecutors in his case peremptorily struck prospective black jurors because of race:); Paulino v. Castro, 371 F.3d 1083, 1093 (9th Cir. 2004) (remanded matter to the district court for evidentiary hearing); Fernandez v. Roe, 286 F.3d 1073, 1080 (9th Cir. 2002) (same).

    Accordingly, it is HEREBY ORDERED that Respondent is granted sixty days to locate and interview the trial prosecutor, and after the expiration of the sixty days, shall coordinate a day and time with Petitioner's counsel to schedule said evidentiary hearing.  Respondent's counsel shall then contact Mamie Hernandez, Courtroom Deputy to the undersigned, at 559-499-5672, with such date and time.

    IT IS SO ORDERED.

**Dated:**   **November 15, 2008**          **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE